# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7834 | **DATE** | January 20, 2011 |
| **CASE TITLE** | Gerald Stiles, Sr. (#1085669) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Iowa Medical and Classification Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The clerk is also directed to mail a copy of this order to the Warden of the Lake County Jail, in the hope that the Warden will provide the plaintiff with the requested documentation.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an Iowa state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the State of Illinois and the Lake County Jail, have ignored the plaintiff's requests to be furnished with certified copies of jail records showing the time he spent in the custody of the Lake County Jail prior to being transferred to Iowa. The plaintiff maintains that he needs the records in order to get credit for time served in Illinois.

The court finds that the plaintiff is unable to prepay the filing fee. The plaintiff's motion to proceed *in forma pauperis* is therefore granted. Because the plaintiff has a zero balance in his trust fund account and has received no money in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the trust fund officer at the plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in the amount each time the account balance exceeds $10 until the full $350 filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). In the case at bar, the court discerns no constitutional violation. The plaintiff's request for records does not implicate any due process rights, and the facts do not lend themselves to a First Amendment access-to-courts claim.

Furthermore, the plaintiff has not named a "person" who may be sued under 42 U.S.C. § 1983. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Additionally, the Supreme Court has ruled that states and state agencies are not "persons" within the meaning of § 1983. *Id., citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Nor is the Lake County Jail a suable entity. *See, e.g., Fox v. DuPage County Jail*, No. 10 C 4768, 2010 WL 3834038, *1 (N.D. Ill. Sep. 22, 2010) (Norgle, J.). The plaintiff has no tenable cause of action under the Civil Rights Act.

The court is aware of no alternative basis for federal jurisdiction. Diversity jurisdiction does not exist, as the plaintiff has not alleged an amount in controversy over $75,000. *See* 28 U.S.C. § 1332(a). Federal mandamus lies only against federal officers or employees. *See* 28 U.S.C. § 1361. If, as appears to be the case, the plaintiff is seeking mandamus against the Warden of the Lake County Jail or another person in a position to furnish the requested records, he must file suit in state court. *See* 735 ILCS § 5/14-101.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

Finally, a copy of this order will be mailed to the Warden of the Lake County Jail. It is the court's hope that the warden will furnish the plaintiff with the requested documentation without his having to resort to filing suit in state court.